TATE, Justice,
joined by BARHAM, Justice (dissenting).
We respectfully dissent from the denial of this application.
Due to circumstances blameable upon no official, this court is faced with a policy of illegal confinement at the state penitentiary in Angola of persons whose appeal is pending. La.C.Cr.P. Art. 913(B) suspends the execution pending appeal of any sentence. La.R.S. 15 :566 provides for the delivery of convicted persons to the place of commitment within fifteen days after the sentence *47 to imprisonment in the state penitentiary becomes final.
Under these circumstances, persons convicted in the trial court cannot, under state law, be sent to the penitentiary until the conviction becomes final by affirmance, if appealed. (La.R.S. IS :706 permits a temporary transfer to another parish jail when the jail is unsafe or unfit; but this statute does not authorize the transfer of prisoners to the penitentiary, and it certainly does not contemplate a permanent policy whereby all prisoners in Orleans and at least one other parish are, in violation of state statute, transferred to the penitentiary upon trial conviction.)
It is difficult for us to dissent, in view of Sheriff Foti’s very frank and full explanation of his problem. The Sheriffs efforts to improve the Orleans Parish Prison are also a matter of common knowledge. Certainly, his position, and that of other local officials concerned, is readily understandable.
Nevertheless, this tribunal is a court of law. We are sworn to enforce the laws and the constitution of this state and of the United States. No matter how unworthy the applicant for relief may be morally or personally, our duty is to look to the law and to the rights given all human beings in Louisiana.
An individual convicted by a trial court in Louisiana has the unquestioned right to remain in the prison of the parish of conviction, if he appeals it, until such time as this conviction is affirmed. However understandable the practical reasons which seem to justify ignoring this law, this tribunal cannot countenance illegal confinements.
We are frank to admit the terrible practical problem faced by the Orleans Parish Prison. As of the date of the sheriff’s return to this writ, the prison held 8S3 prisoners, although it was subject to a federal court order to reduce the prison population to 450. Because of this, approximately 200 prisoners convicted of crimes, but whose convictions are being appealed, have been transferred to the state penitentiary at Angola. These transfers, including that of the applicant, subject persons whose convictions are on appeal to illegal confinement at Angola in violation of our statutes.
Until the legislature changes the governing legislation, we do not think this court has any alternative to enforcing it.
Concerted efforts of the executive, legislative and judicial branches of the government should and could be made for improvement. For instance, of the 853 in prison, how many are being held for nonviolent crimes through their inability to make bail? How many persons are being held on minor misdemeanors not involving harm or danger caused to other individuals’ person or property? How much effort has been made, through release on recognizance, work-release, suspension, probation and parole, etc., to relieve the parish prison of the load caused by those whose continued incarceration does not represent a real danger of further continued criminal conduct causing harm to others ?
Also, for instance, some effort must be made to shorten the delay in the trial court in preparing criminal records for appeal. In the present instance, the defendant was sentenced on February 29, 1972, took a sus-pensive appeal within fifteen days thereafter, and was transferred to Angola on April 22, 1973; but the appellate record has still not been received in this court as of this date.
The point of this dissent is as follows:
Unless the law is changed by the legislature, we either need to build more prisons or else imprison less people. In an emergency situation such as now faced in Orleans Parish (and in at least one other parish) should we not, on a case-to-case basis, re-examine the purposes of holding so many people simply for lack of bail or on minor offenses, in order to preserve their places for those charged with more serious *48 offenses involving street crimes, violence to persons, and invasion of homes ?
In any event, as a court of law, we cannot and should not countenance a policy of continuous wholesale violation of a statutory prohibition against confinement in Angola prior to finality of conviction.
We therefore respectfully dissent.